**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

HARRY STEPHENS FARMS, INC.; and
HARRY STEPHENS, individually and as
managing partner of STEPHENS PARTNERSHIP          PLAINTIFF

V.                          2:06CV00166 JMM

WORMALD AMERICAS, INC.,
Successor to ANSUL, INC.; and
HELENA CHEMICAL CO., INC.
EXXON MOBILE CORPORATION
Successor to MOBIL CHEMICAL CO.                    DEFENDANTS

**ORDER**

Pending are Plaintiffs' motion to stay proceedings pending resolution of a state court action, docket # 56, and Defendants' motion to modify the court's standard scheduling order, docket # 54. For the reasons set forth herein, Plaintiffs' motion to stay is denied and Defendants' motion to modify the court's standard scheduling order is granted. Discovery will proceed on a bifurcated basis, a final scheduling order will be issued forthwith setting specific pre-trial deadlines.

Plaintiffs' claims arise from the disposal of various chemicals at a chemical plant commonly known as the Cedar Chemical site located in the Helena-West Helena Industrial Park in Phillips County, Arkansas. Plaintiffs own and cultivate several hundred acres of farmland which borders the industrial park. Plaintiffs allege that Defendants conducted operations at the chemical plant which resulted in soil and water contamination of their property. Plaintiffs originally filed this action in the Circuit Court of Phillips County Arkansas on June 9, 2006. Defendants filed a notice of removal to this Court on July 20, 2006.

Plaintiffs argue that there is a parallel state court proceeding which involves the same parties and same issues as this case. The state court action involves the Arkansas Department of

Environmental Quality as the plaintiff. Plaintiffs contend that a determination of the issues in the state court proceeding will determine the liabilities of the parties in this case and request the Court stay this proceeding pending the outcome of the state court action. Defendants object and argue that Plaintiffs are not parties to the state court action but have only sought to intervene. Additionally, as of the filing of the pending motions, the state court action had not been served on any defendant. Further, Plaintiffs' complaint filed herein asserts claims based on Arkansas common law, including negligence, strict liability, trespass and private nuisance. Plaintiffs seek money damages including punitive damages. The state court action filed by the Arkansas Department of Environmental Quality asserts claims based on state statutory law.

Federal courts have a "virtually unflagging obligation ⋯ to exercise the jurisdiction given them." *Colorado River Water Conserv. Dist. v. United States,* 424 U.S. 800, 817 (1976). "This obligation does not evaporate simply because there is a pending state court action involving the same subject matter." *Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Coops., Inc.*, 48 F. 3d 294, 297 (8th Cir. 1995), citations omitted. "Abdication of the obligation to decide cases can be justified under [the abstention] doctrine[s] only in the *exceptional circumstances* where the order to the parties to repair to the State court would clearly serve an important countervailing interest." *Id. citing, Moses H. Cone Memorial Hosp. v. Mercury Constr.,* 460 U.S. 1, 14 (1983).

The determination of the existence of "exceptional circumstances" requires an evaluation of several factors as follows:

    (1) whether there is a *res* over which one court has established jurisdiction,
    (2) the inconvenience of the federal forum,
    (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed,
    (4) which case has priority-not necessarily which case was filed first but a greater emphasis

>on the relative progress made in the cases,
>(5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and
>(6) the adequacy of the state forum to protect the federal plaintiff's rights.

*Id.* These factors are not intended to be exhaustive, but are to be pragmatically applied in order to advance the "clear federal policy" of avoiding piecemeal adjudication. And, in examining these factors "the balance [is] heavily weighted in favor of the exercise of jurisdiction." *Id.*

The Court questions whether these actions are in fact parallel. The federal court action involves Plaintiffs seeking to recover damages for common law negligence, private nuisance, trespass and strict liability. The state court action involves the Arkansas Department of Environmental Quality making statutory claims seeking clean up of the site. Plaintiffs have not been granted leave to intervene in the state suit and the issues appear significantly different. Although the issues in the two proceedings may depend on some of the same facts, this does not "compel a conclusion that the suits are parallel." *Scottsdale Ins. Co. v. Detco Industries, Inc.*, 426 F. 3d 994, 997 (8th Cir. 2005).

Assuming the prerequisite of "parallel" actions is satisfied, the Court finds that the *Colorado River* factor analysis favors the exercise of jurisdiction. First, there is no *res* over which one court has exercised jurisdiction. The state court action has not yet been served and the federal action involves causes of action for money damages for alleged torts and does not seek the disposition of the *res*. *See, McKnight v. Bank of America*, 2006 WL 151916 ( E. D. Ark. 2006). Second, the federal forum is not inconvenient as this action will be tried in the Helena-West Helena venue. Third, the issuance of a stay in the federal action will do nothing to avoid piecemeal litigation. Fourth, the federal suit has progressed more than the state case. In the federal action, answers have

been filed, the complaint has been amended, the Court has reviewed substantive issues and the parties have submitted a rule 26(f) report to the Court. In contrast, the state court action has not been served on any defendant. Fifth, although the federal action involves state law issues, "the presence of state law issues will weigh in favor of abstention only in rare circumstances." *Federated Rural*, 48 F. 3d at 299. The Court finds that this case is not unusual to other diversity cases frequently handled by this Court. Accordingly, this factor does not weigh in favor of abstention. Finally, there is nothing to indicate that this Court cannot adequately protect the Plaintiffs' rights.

Based upon this analysis, the Court finds that exceptional circumstances do not exist which would justify the Court staying this action in favor of the state court action. Accordingly, Plaintiffs' motion to stay is denied.

The Court finds that the interest of justice and judicial economy would best be served by the bifurcation of discovery. Discovery will proceed first on issues relating to the statute of limitations defense. Following the resolution of this issue, merits discovery will proceed. Defendants' motion to modify the Court's standard scheduling order is granted. The Court will issue a final scheduling order setting pre-trial deadlines forthwith.

IT IS SO ORDERED this 5th day of January, 2007.

James M. Moody
United States District Judge