**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**HARRY STEPHENS FARMS, INC.; and
HARRY STEPHENS, individually and as
managing partner of STEPHENS PARTNERSHIP**   **PLAINTIFF**

**V.**

              **CASE NO.  2:06CV00166 JMM
Consolidated with
CASE NO.  4:07CV00278 JMM**

**WORMALD AMERICAS, INC.,
Successor to ANSUL, INC.; and
HELENA CHEMICAL CO., INC.
EXXON MOBILE CORPORATION
Successor to MOBIL CHEMICAL CO.**   **DEFENDANTS**

## ORDER

Pending are Plaintiffs' motion for leave to amend complaint, docket # 182, Exxon Mobil Corporation's ("ExxonMobil") motion for leave to file third-party complaint, docket #207, and ExxonMobil's motion to stay scheduling order deadlines, docket # 209.

Plaintiffs seek to add claims under the Resource Conservation and Recovery Act of 1976 ("RCRA"), as amended, 42 U.S.C. §§6901 *et. seq*. and the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§9601, *et. seq*.  Plaintiffs original complaint was filed in this action on June 9, 2006 alleging state law causes of action.  The case is currently set for trial the week of October 25, 2010.  ExxonMobil seeks leave to file a third party complaint adding parties "who are or may be liable to ExxonMobil for all or part of the Plaintiffs' claim against ExxonMobile."

Fed. R. Civ. P. 15(a) governs the pretrial amendment of pleadings and states that the "[t]he

court should freely give leave when justice so requires." *Id*. But parties do not have an absolute right to amend their pleadings, even under this liberal standard. *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir.2005). "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Sherman v. Winco Fireworks, Inc.*, 532 F. 3d 709, 715 (8th Cir. 2008).

The Court finds that the amendments requested by both Plaintiffs and ExxonMobil would require a delay in the trial date and the issuance of an amended scheduling order allowing additional time for discovery and dispositive motions. This case has been pending for four years, the discovery deadline is only one month away and the additional claims and parties were or should have been known since the beginning of the case. Neither Plaintiffs nor ExxonMobil have demonstrated to the Court good cause for the undue delay in seeking leave to amend. Further, the Court finds that a delay of the trial would prejudice the other parties in this action. Accordingly, the motions for leave to amend, docket #'s 182 and 207 are denied.

The case will remain on the trial calendar the week of October 25, 2010. The motion to stay the scheduling order deadlines, docket # 209, is denied. However, the Court will extend the deadline for Defendants' to identify their expert witnesses up to and including July 15, 2010. The deadline for depositions of expert witnesses identified by all parties will remain August 2, 2010.

IT IS SO ORDERED this 29th day of June, 2010.

_____
James M. Moody
United States District Judge